**Abubakar S. TARAWALLY, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

**No. 05–5689–ag.**

United States Court of Appeals, Second Circuit.

May 25, 2006.

Matthew J. Harris, Law Office of Eric A. Wuestman, New York, NY, for Petitioner.

Michael Leo Ivory, Assistant United States Attorney (Mary Beth Buchanan, United States Attorney, on the brief), Western District of Pennsylvania, Pittsburgh, PA, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. RALPH K. WINTER, Circuit Judges, Hon. JOHN F. KEENAN,* District Judge.

## SUMMARY ORDER

Abubakar S. Tarawally petitions for review of a Board of Immigration ("BIA") decision affirming the decision of an Immigration Judge ("IJ"). The IJ's decision pretermitted Tarawally's application for asylum, denied his application for withholding of removal, and denied his application for relief under the Convention Against Torture ("CAT"). We assume familiarity with the facts, the procedural history, and the issues on appeal.

Where the BIA issues a short decision that affirms the IJ's opinion without signif-

icant analysis, this Court reviews the IJ's decision directly. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review the IJ's factual findings, including credibility, for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiao Ji Chen v. DOJ*, 434 F.3d 144, 156–58 (2d Cir.2006).

An alien is statutorily eligible to apply for asylum only if he "demonstrates by clear and convincing evidence that [his asylum] application has been filed within 1 year after the date of [his] arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). We lack jurisdiction to review the IJ's conclusion that the application was untimely or that the applicant has failed to demonstrate exceptional circumstances justifying the untimeliness, *see* 8 U.S.C. § 1158(a)(3); *Xiao Ji Chen*, 434 F.3d at 150. While we retain jurisdiction over related constitutional challenges and issues of statutory interpretation, *see Xiao Ji Chen*, 434 F.3d at 154, Tarawally has raised no such argument. We therefore lack jurisdiction to review the IJ's conclusion that Tarawally's asylum application pretermitted because it was untimely.

Tarawally's withholding and CAT claims were not time-barred, *see id.* at 155, but they failed on the merits. The IJ made an adverse credibility finding with respect to Tarawally's asylum claim (in the alternative), on the assumption that the asylum claim might be deemed timely. That finding has bearing on the application for withholding of removal, because "an applicant who fails to establish [his] eligibility for asylum necessarily fails to establish eligibility for withholding [of removal]," *Zhou Yun Zhang v. INS*, 386 F.3d 66, 71 (2d Cir.2004). The adverse credibility finding was supported by substantial evidence, including the substantial inconsistencies in

---

* The Honorable John F. Keenan, United States District Court for the Southern District of New York, sitting by designation.

Tarawally's testimony, the implausibility of his explanations for those inconsistencies, and the IJ's assessment of his demeanor.

An applicant is entitled to CAT relief only if he can prove that, upon being returned to his country of origin, he is more likely than not to suffer torture, "defined as the intentional infliction of pain that is perpetrated or sanctioned by a nation's authorities." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 184 (2d Cir.2004). Substantial evidence supports the IJ's conclusion that Tarawally failed to carry his burden of demonstrating that the current authorities in Sierra Leone would either perpetrate or sanction his torture.

For the reasons set forth above, Tarawally's petition for review is **DENIED,** and the outstanding motion for stay of removal is **DENIED.**